# BLOOMINGTON MUTUAL LIFE BENEFIT ASSOCIATION
## v.
## WILLIAM BLUE.

*Life Insurance—Mutual Benefit Association—Wager Policy—Question
for Jury—Ultra Vires—Practice.*

1.   Where one insures his life for the benefit of a third person who has no
pecuniary interest therein, the question whether the policy is a wagering
contract is for the jury.

2.   The mere fact that the beneficiary has no pecuniary interest in the
life insured does not render the contract void as against public policy.

3.   In a case involving the question whether a mutual benefit association,
organized under the Act of January 13, 1883, can defend an action on a pol-
icy issued for the benefit of one not a devisee or legatee of, nor in any way
related to, the insured, on the ground that the contract was *ultra vires*,
this court affirms the judgment of the court below, in order to have the ques-
tion settled by the Supreme Court without delay.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of McLean County; the
Hon. O. T. REEVES, Judge, presiding.

Messrs. FIFER & PHILLIPS, for appellant.

At common law the contract sued on is void on grounds of public policy, for the reason that Blue, at the time the insurance was effected, had no insurable interest in the life of Bailey.

So far as we are aware this court has never passed upon this exact question. It has been held, however, in the case of Guardian Mutual Life Ins. Co. v. Hogan, 80 Ill. 35, that a son not having any pecuniary interest in the continuance of the life of his father, could not legally have the father's life insured for his (the son's) benefit. Mutual Benefit Ass'n v. Hoyt, 46 Mich. 473.

There are many cases which, by analogy and upon principle, as fully support the proposition as the Michigan case. These cases hold that a policy, when assigned by the person whose life is insured, is void in the hands of the assignee upon the ground of public policy, provided the assignee has no interest in the life insured. These authorities seem to us to decide the principle of law we contend for as effectually as though they arose upon the exact state of facts presented in this case.

The authorities last referred to are as follows: Life Ins. Co. v. Sturges, 18 Kansas, 93; Gambs, etc. v. Covenant Mut. Life Ins. Co., 50 Mo. 44; Warnock v. Davis, 104 U. S. Reports, 775; Canmack v. Lewis, 15 Wall. 643.

The spirit and intent of the statute we contend is to prohibit any one from becoming a beneficiary unless included in the class of persons named in the first section of the act. If we are correct in this, then the following authorities are in point, for no contract can have any binding force when made in derogation of the provisions of the statute. Penn v. Bornman, 102 Ill. 523; Ky. Masonic Mut. Life Ins. Co. v. Miller, 13 Bush, 489; The Penn. Mut. Relief Ass'n v. Catherine F. Falmer, 87 Pennsylvania State Reports, 133; Van Buren v. St. Joseph, 28 Mich. 399.

The fact that Blue was not related to Bailey was not discovered by the agents of plaintiff in error until after the death of Bailey, and then the money which had been paid by Bailey and Blue in the way of assessments was tendered to Blue, together with the interest which had accrued.

Messrs. KERRICK, LUCAS & SPENCER, for appellee.

It is the well settled rule of law in this State that a corporation can not plead *ultra vires* to its own executed contracts. Bradley v. Ballard, 55 Ill. 413; Chicago Building Society v. Crowell, 65 Ill. 453; Darst v. Gale, 83 Ill. 136; Ward v. Johnson, 95 Ill. 215; E. St. L. v. E. St. L. G. L. & C. Co., 98 Ill. 415; P. & S. R. R. Co. v. Thompson, 103 Ill. 187; West v. Madison Co. Agricultural Board, 82 Ill. 205.

And the great weight of authority outside of this State is to the same effect. Morawetz on Private Corporations, Vol. 2, p. 689; Green's Brice's Ultra Vires, 784; Gold Mining Co. v. National Banks, 96 U. S. 640; National Bank v. Matthews, 98 U. S. 621; Perkins v. Portland, etc., R. R., 47 Me., 573; Rutland & B. R. R. Co. v. Procter, 29 Vt. 93; Attleborough N. Bank v. Rogers, 125 Mass. 339; Whitney Arms Co. v. Barlow, 63 N. Y. 62; Oil Creek, etc., R. R. Co. v. Penn. Trans. Co., 83 Pa. St. 160; Bank v. Hammond, 1 Rich. L. 281; Hozlehurst v. Savannah, etc., R. R. Co., 43 Ga. 13; So. L. Ins. Co. v. Lanier, 5 Fed. 110; Underwood v. Newport Lyceum, 5 B. Mon. 129; Hayes v. Galoin Gas & Co., 29 Ohio St. 330; State Board of Agriculture v. Citizen Street R. R., 47 Ind. 407; Germantown Ins. Co. v. Dhein, 43 Wis. 420; Thompson v. Lambert, 44 Iowa, 239; National Bank v. Ins. Co., 41 Ohio St. 1; Union Water Co. v. Murphy's Flat, 22 Cal. 721; Hall Manuf. Co. v. American R. R. Co., 48 Mich. 331.

The contract is not void as against public policy. Johnson v. Van Epps, 110 Ill. 551; Johnson v. Van Epps, 14 Ill. App. 201; Langdon v. U. M. L. Co., 14 Ill. App. 272; The Provident L. Co. v. Baum, 29 Ind. 236; Campbell v. N. E. M. Co., 98 Mass. 381; Ætna L. M. Co. v. Francis, 94 U. S. 561; Conn. M. L. Ins. Co. v. Shafer, 94 U. S. 457; Olmstead v. Keys, 85 N. Y. 597; Forbes v. American M. L. Ins. Co., 15 Gray, 249; Lemon v. Phoenix M. L. Ins. Co., 38 Conn. 294; Rawls v. American M. L. Ins. Co., 27 N. Y. 283; Fairchild v. N. E. M. L. Ins. Ass'n, 51 Vt. 613; Brockway v. M. B. Ins. Co., 9 Fed. R. 249; Warnock v. Davis, 104 U. S. 775; Clark v. Allen, 11 R. I. 439.

Conger J. The facts disclosed by this record are, that one William R. Bailey, desirous of effecting an insurance upon his

own life in the sum of $5,000, for the use and benefit of appellee, Blue, made application to appellant for that purpose, and a life benefit certificate was, in October, 1883, issued to said Bailey, by which it was provided that such sum of $5,000 should be paid to Blue within sixty days after the death of said Bailey. Bailey died, and suit was brought by appellee, Blue, upon the certificate, whereupon appellant filed four special pleas. In the first of said pleas it is averred that defendant is a corporation organized and doing business under an Act of the Legislature, approved June 18, 1883, in force July 1, 1883; that the plaintiff, Blue, is not a legatee or devisee of the said William R. Bailey, and is not related to said Bailey either by affinity or consanguinity, etc.; that the defendant, by virtue of the act under which it was organized and doing business, was only authorized to furnish life indemnity and pecuniary benefits to the widows, orphans, etc., of deceased members, by means whereof said life benefit certificate was and now is null and void.

The pleas all admit that the sum of $88.75 is due plaintiff as the amount of membership fee and special assessments paid defendant by Bailey and Blue, which sum defendant offered to pay to plaintiff with interest, but that such tender was refused. The second plea is like the first, except that it contains additional averments. It is averred that the object for which the defendant corporation was organized, as appears from its articles of incorporation, is as follows: " The object for which it is formed is to provide and equitably distribute at minimum cost, a fund devoted to the relief of widows, orphan heirs and devisees of deceased members." It is also averred in this plea that Blue was not a creditor of Bailey and had no pecuniary interest in his life, and had no well founded expectation of pecuniary advantage to be derived from the continuance of the life of Bailey. This plea also contains a copy of the constitution and by-laws of defendant.

In the third plea the statute and the defendant's articles of incorporation are set up as a defense, and in the fourth plea the articles of incorporation and the fact that Blue had no pecuniary interest in the continuance of the life of Bailey, are the defense interposed.

To these pleas plaintiff filed a general demurrer, but before the court passed upon the same the common counts were withdrawn from plaintiff's declaration. This left the two special counts, to which defendant had pleaded as above stated. The court then sustained the demurrer to the pleas and rendered judgment for the plaintiff, to which judgment and ruling of the court defendant, by its attorneys, excepted, and, standing by its pleas, brings the case to this court on appeal and asks a reversal of the judgment of the court below for the error committed in sustaining the demurrer to said pleas. The first section of the Act of June 18, 1883, under which the appellant corporation organized and is doing business, is as follows:

"Section 1. Be it enacted by the people of the State of Illinois, represented in the General Assembly : That corporations, associations or societies, for the purpose of furnishing life indemnity, or pecuniary benefits to the widows, orphans, heirs, or relatives by consanguinity or affinity, devisees or legatees of deceased members, or accident or permanent disability, indemnity to members thereof, and where members shall receive no money profit, and where funds for the payment of such benefits, shall be secured, in whole or in part, by assessment upon the surviving members, may be organized, subject to the conditions hereinafter provided."

It is contended by appellant there can be no recovery in this case for two reasons: First, that the contract of insurance was against public policy; and secondly, that appellee does not come within the class of persons for whose benefit insurance may be effected, as provided by the Act of June 18, 1883; and that, therefore, the contract of insurance was beyond the power of the company to make, and was void.

Upon the first question, we do not think the contract void as against public policy, but we are satisfied with the conclusions reached by Mr. Justice Pillsbury in Johnson et al. v. Van Epps, 14 Ill. App. 201, 215, and adopt the following language from the opinion in that case, as expressing our views upon this point: "It would seem from the above authorities that where a person takes out an insurance upon his own life, for the benefit of some third person, who may not have an insurable

interest in the life insured, the question whether it is a gambling or wagering policy is in every case one for the jury to determine under proper instructions, and if it be found that the insured has been the principal actor in the transaction, and has entered into it with an honest purpose to aid one whom he deems a proper object of his bounty, the transaction will be sustained and the beneficiary be entitled to the money; but, on the other hand, if it appear that the party insured is but a mere nominal party, and he procured the insurance for the purpose of giving the beneficiary the advantage of such insurance upon his life, when the beneficiary could not obtain it in his own name, the transaction will be condemned, and the policy declared void." The pleas seeking to raise this question as a defense, do not allege any facts upon which an issue could be formed as to whether Bailey entered into the contract with an honest purpose to aid one whom he deemed a proper object of his bounty, but rely upon the one ground, that appellee "was not a creditor of Bailey, had no pecuniary interest in his life and had no well grounded expectation of pecuniary advantage to be derived from the continuance of the life of Bailey."

They were, therefore, defective, and the demurrer to them was properly sustained.

The second objection, that the contract is *ultra vires*, is attended with much greater difficulties. It is urged by appellee in reply to this objection, that if the contract were conceded to be beyond the power of the company to execute by a strict construction of the act under which it is acting, still it may be considered as the settled law of this State, that a corporation can not plead *ultra vires* to its own contracts, and refer to the cases in the Supreme Court where, under certain circumstances, the doctrine has been so held. In view of the great difficulty of the question and considering the importance of an early and final adjudication of it, we shall affirm the judgment of the court below, so that the parties, if they desire, may proceed without delay to have the question settled by the Supreme Court.

*Judgment affirmed.*